

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

THERE IS A SOLUTION, INC., KEVIN A. SMITH, )
JAMES CALDERONE, JR., and JOHN DOE 1-14, )

        Plaintiffs

    v.

CITY OF HARVEY, MAYOR ERIC KELLOG, CITY
OF HARVEY'S PLANNING & ZONING BOARD
COMMISSION, JOHN BRADLEY, LEANDER )
BROWN, E.J. BROWN, CLARENCE CLARK, )
JONATHAN DAY, JAMES DAVIS, DR. LEON )
HENDRICKS, WOODROW NUNN, DAREN )
ROBINSON, GEORGE ROBINSON, FRANCIS )
SPEH, FRED WRIGHT, and LATONYA RUFUS, )

        Defendants.

**06CV2640**
**JUDGE FILIP**
**MAGISTRATE MASON**

**FILED**

MAY 1 1 2006   **NR**

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## DEFENDANTS' NOTICE OF REMOVAL

The above-named Defendants, by their attorneys, Clifford G. Kosoff and Elisha S. Rosenblum, and for their Notice of Removal, state as follows:

1.    On May 11, 2006, Plaintiffs filed suit in the Circuit Court of Cook County (2006 CH 09435) against the above-named Defendants. Counsel for the Defendants was served with a copy of the Complaint on May 11, 2006. A copy of this Complaint is attached hereto as Exhibit 1. The Complaint includes allegations of violations of the Fair Housing Act (42 USC § 3601), the Americans with Disabilities Act (42 USC § 12101), the Rehabilitation Act of 1973 (29 USC § 794), and also alleges constitutional violations (equal protection and due process) pursuant to 42 USC § 1983.

2.    The above-described action is a civil action in which this court has original jurisdiction under the provisions of 28 USC § 1331 and is one which may be removed to this court by the Defendants pursuant to the provisions of 28 USC § 1441 in that Plaintiffs filed suit against Defendants for, among other things, violation of their civil rights pursuant to 42 USC § 3601, 42 USC § 12101, 29 USC § 794, and 42 USC § 1983. The Complaint against Defendants also includes state claims which this court should assume pendant jurisdiction pursuant to 28 USC § 1441(c) and/or 28 USC § 1367.

3.    As required by 28 USC § 1446(d), notice of removal will be served upon all parties of record and will be filed with the Circuit Court of Cook County.

4.    The United States District Court for the Northern District of Illinois, Eastern Division, is the District Court for the district embracing Cook County, Illinois. 28 USC § 93(a)(1).

5.    All of the above-named Defendants have agreed to this Notice of Removal.

6.     Pursuant to the requirements of 28 U.S.C. §1446(a), the pleadings filed in the Cook County action have been filed herewith.

WHEREFORE, the above-named Defendants, by their attorneys, hereby give notice of removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division.

By:     s/Clifford G. Kosoff
        Clifford G. Kosoff #3122385
        Attorney for Defendants
        O'Halloran, Kosoff, Geitner & Cook, P.C.
        650 Dundee Road, Suite 475
        Northbrook, Illinois 60062
        Telephone: (847) 291-0200
        Fax: (847) 291-0201
        e-mail: ckosoff@okgc.com

        s/Elisha S. Rosenblum
        Elisha S. Rosenblum #6225957
        Attorney for Defendants
        O'Halloran, Kosoff, Geitner & Cook, P.C.
        650 Dundee Road, Suite 475
        Northbrook, Illinois 60062
        Telephone: (847) 291-0200
        Fax: (847) 291-0201
        email: esrosenblum@okgc.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-CHANCERY DIVISION

There Is A Solution, Inc., and its President, )
Kevin A. Smith. and Vice President James )
Calderone, Jr., and John Doe 1, John Doe 2, )
John Doe 3, John Doe 4, John Doe 5, John )
Doe 6, John Doe 7, John Doe 8, John Doe 9 )
John Doe 10, John Doe 11, John Doe 12, )
John Doe 13, and John Doe 14, )
                                 )
        Plaintiffs.        )
                                 )
vs.                         )    No.        09485
                                 )
City of Harvey, Illinois, an Illinois )
municipal corporation, and its Mayor, Eric )
J. Kellogg, in his individual and official )       **2006 CH 09435**
capacity, and the Planning and Zoning Bd. )
Comm'n of Harvey, Illinois, and its )
Chairman, John Bradley, in his individual )
and official capacity, and its Commissioners,)
Leander Brown, Reverend E. J. Brown, )
Clarence Clark, Jonathon Day, James Davis, )
Dr. Leon Hendricks, Woodrow W. Nunn, )
Daren Robinson, George Robinson, Francis )
Speh (non-voting), and Fred Wright, all in )
their individual and official capacities, and )
Acting City Planner, LaTonya Rufus, in her )
individual and official capacity. )
                                 )
        Defendants.      )

## VERIFIED COMPLAINT

    **NOW COME** the plaintiffs There Is A Solution, Inc., and its President, Kevin A. Smith and Vice President James Calderone, Jr., and John Does 1 through 14, by and through their attorneys, Francis L. Ostian and David E. Goodrich, and file this complaint against all of the above-named defendants, and in support state as follows:

### I. PARTIES

1.    Plaintiff There Is A Solution, Inc, ("Solution"), is an Illinois for-profit corporation in good standing. Solution's principal place of business is located in Harvey, Cook County, Illinois. Plaintiffs Kevin A. Smith and James Calderone, Jr. are the President

## EXHIBIT # 1

and Vice President and sole shareholders of Solution. Smith is Solution's Administrative Director. Calderone, Jr. is the Intake Director. Plaintiffs John Does 1 through 14 are anonymous recovering alcoholics and recovering drug addicts that along with Smith and Calderone, Jr. have suffered damages as alleged below.

2.      Defendant, City of Harvey, Illinois is a municipal corporation located in Harvey, Cook County, Illinois.

3.      Defendant City of Harvey, Illinois Planning and Zoning Board Commission (hereafter "Zoning Board") is an administrative board of the City of Harvey, exercising powers and duties vested in said board by virtue of the statutes and Constitution of the State of Illinois and the Constitution of the United States of America, and is responsible for administering and enforcing land use regulation, including special use permit applications in the City of Harvey, Illinois.

4.      Defendant, Mayor Eric J. Kellogg, is the duly elected mayor of the City of Harvey, Illinois. Defendant John Bradley is the chairman of the Zoning Board.

5.      Defendants, Leander Brown, Reverend E. J. Brown, Clarence Clark, Jonathon Day, James Davis, Dr. Leon Hendricks, Woodrow W. Nunn, Daren Robinson, George Robinson, Francis Speh (non-voting), and Fred Wright are all commissioners of the Zoning Board. Defendant, Acting City Planner, LaTonya Rufus is responsible for the intake of special use permit applications for Harvey, Illinois.

## II. BRIEF SUMMARY

6.      Plaintiffs bring this action to recover damages and to secure equitable relief due to violations of the Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHAA), as amended, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq, (ADA), the Rehabilitation Act of 1973. 29 U.S.C. § 794, as amended, the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and violations of the due process and equal protection clauses to the United States Constitution and Illinois State Constitution.

7.      Venue in Cook County is proper in that the unlawful actions and practices alleged herein were committed in Cook County and the events or omissions giving rise to the claims alleged herein occurred in Cook County.

## III. FACTUAL ALLEGATIONS

8. Plaintiff. Solution. operates a recovery home for recovering alcoholics and addicts at 15743 Vine Street. Harvey. Illinois ("Vine Home") that offers to its residents a structured living environment and the opportunity to build a support system to assist its residents with long term sustained abstinence from all mood and mind altering chemicals, alcohol and drugs. The Vine Home is located in a residentially zoned district.

9. Smith and Calderone Jr. currently lease the Vine Home from Pastor Daniel Swets who is the owner of the realty. Pastor Swets is a Christian Minister who serves as a Pastor at various churches in Cook County and serves as the Chaplain at Cook County, Illinois Jail.

10. In September of 2001. the previous Mayor of Harvey. Nickolas E. Graves. granted Smith and Calderone. Jr. permission to operate a recovery home at the Vine Home. (See attached letter of Mayor Nickolas E. Graves. attached hereto as Ex. A).

11. The Vine Home is not a health care facility, rehabilitation center. or supervised halfway house. The Vine Home is simply a residential dwelling rented by a group of individuals. Plaintiffs. John Does 1 through 8, who are recovering from alcoholism and drug addiction.

12. The Vine Home is self-governed by its residents. and any resident who relapses into drug and/or alcohol use is subject to expulsion. The residents function as a family in decision-making and management of their residential use. following *Alcoholics Anonymous* 12-step program for self-help residences.

13. No professional treatment. therapy, or paid staff is provided.

14. The ability of recovering alcoholics and drug addicts. including plaintiffs John Does 1 through 8. to live in a supportive drug free environment in the quiet residential area where the Vine Home is located is critical to their recovery.

15. An addict's or alcoholic's chances. including plaintiffs John Does 1 through 8, of recovery are substantially enhanced by living in a drug and alcohol-free environment.

16. The Vine Home provides a supportive environment that is critical to the continued recovery of its residents and that shutting down the house would result in a high likelihood of relapse for its residents.

17.   The Vine Home has been a recovery home as described above since the Fall of 2001 up to the filing of this complaint.

18.   Solution operated a similar recovery home in 2005 at 14615 Harvey Street, Harvey. Illinois ("Harvey Home."). Plaintiffs, John Does 9 through 14 resided at the Harvey Home. The Harvey Home is located in a residentially zoned district.

19.   Smith and Calderone, Jr. also leased the Harvey Home from Pastor Swets.

20.   The Harvey Home operated in substantially the same manner as the Vine Home from June 3, 2005, through July 22, 2005.

21.   On July 22. 2005, at 10:00 A.M., a Harvey inspector accompanied by Harvey police appeared at the Harvey Home and ordered the residents, plaintiffs, John Does 9 through 14, certain recovering alcoholics and addicts, to immediately vacate the premises without notice or hearing.

22.   The Harvey Home house manager informed the inspector that Solution would immediately apply for a special use permit to operate a recovery home at said address.

23.   At approximately 10:30 P.M., the same day, July 22, 2005, Harvey police and defendant. Mayor Eric J. Kellogg, appeared at the Harvey Home and at the Mayor's direction. the police evicted plaintiffs John Does 9 through 14 from the premises, without notice or hearing.

24.   Mayor Kellogg did not want recovering alcoholics and drug addicts residing in a group setting in Harvey.

25.   Plaintiff. Smith. who witnessed said eviction, asked Mayor Kellogg to temporarily halt the eviction because Smith needed time to obtain money and find a place to house plaintiffs John Does 9 through 14.

26.   Mayor Kellogg offered to assist Smith in paying for room and board for one night for the residents. but declined to halt the eviction.

27.   Defendant Mayor Kellogg instructed Harvey police that night to place a "No Occupancy Order" on the front door of the Harvey Home. and the Harvey police placed said occupancy order on the front door without notice or hearing.

28.   The Harvey police at Mayor Kellogg's instruction boarded up the Harvey Home that night. Harvey Home was damaged in that the Harvey police hammered in nails and screws through the aluminum wrapping around the property's windows.

29.    Approximately one week later, Pastor Swets, returned to the Harvey Home on behalf of the evicted plaintiffs to retrieve their personal property.

30.    Harvey police observed Pastor Swets entering the Harvey Home and approached him and ordered him to immediately depart the premises or be cited for criminal trespass.

31.    Harvey police then ordered Pastor Swets to sit on the sidewalk.

32.    Pastor Swets complied. then informed the police that he was the owner of the realty and therefore he was not trespassing.

33.    The Harvey police officer informed Pastor Swets that he would call his shift commander for instruction.

34.    Plaintiff, Smith. subsequently appeared at the site. observed Pastor Swets laying on the ground. and told said officer that Pastor Swets owned said property.

35.    Said officer released Pastor Swets from custody but informed him in Mr. Smith's presence. that Pastor Swets needed "special permission" from the City of Harvey before entering his realty.

36.    On or about July 26. 2005, Plaintiff, Solution, filed a special use permit application for the Harvey Home requesting that the Zoning Board permit it to operate a recovery home for recovering alcoholics and drug addicts in a residentially zoned District. Further. by the application for a special use permit, Solution had requested a *Reasonable Accommodation*, as defined under the federal Fair Housing Act, if needed. (See attached July 26. 2005 Special Use Permit Application. attached hereto as Ex. B).

37.    In the early Fall of 2005. Plaintiffs Solution and Mr. Smith appeared before Harvey's Zoning Board to advocate for the Harvey Home special use permit to operate a recovery home in a residentially zoned district.

38.    Notwithstanding that the American's With Disabilities Act and Federal Fair Housing Act Amendments prohibit local zoning boards from enforcing discriminatory and restrictive land use regulation against recovering alcoholics and recovering drug addicts. the acting chairman of the Zoning Board informed Solution that the Harvey Home special use permit application was denied because the City of Harvey did not want "those kind of facilities in the community."

39.    On October 18. 2005, after the Zoning Board's refusal to provide plaintiffs with a *Reasonable Accommodation* for the Harvey Home, Solution. filed a second special use

permit application for the Harvey Home, and a special use permit application for the Vine Home, requesting the Zoning Board permit Solution to operate a recovery home at both locations for recovering alcoholics and drug addicts in a residentially zoned district. Further, by the applications for both special use permits. Solution has requested a *Reasonable Accommodation*, if needed. (See attached October 18, 2005 Harvey Home and Vine Home Special Use Permit Applications, attached hereto as Ex's. C and D).

40.     According to the City of Harvey, Illinois Planning and Zoning Board rules of procedure, the October 18, 2005 special use permit applications should have been placed on the December, 28, 2005 hearing agenda, but the Zoning Board purposefully delayed by refusing to place the applications on the agenda.

41.     On or about January 4, 2006, Plaintiffs met with Defendant, Acting City of Harvey, Illinois Planner, LaTonya Rufus, to discuss the October 18, 2005 Harvey Home and Vine Home special use permit applications.

42.     Rufus informed plaintiffs that both special use permit applications were complete and that the applications were set to be heard for hearing before the Zoning Board on January 18, 2006. (See January 10, 2006 Certified Letter to Rufus, attached hereto and made a part hereof as Ex. E).

43.     On January 18, 2006, at 7:00 P.M., due to Defendant Mayor Kellogg's eviction of the Harvey Home residents and other openly hostile conduct towards plaintiffs. Solution appeared before the open meeting of the Zoning Board with a court reporter from DiGiovanni Reporting, P.C. to report the proceedings of the zoning hearing.

44.     Plaintiffs hired court reporter, Nicholas W. DiGiovanni, C.S.R., Notary Public, to record and transcribe a transcript of the proceedings to preserve an opportunity for meaningful review, if necessary, by the courts.

45.     At approximately 7:00 P.M.. the court reporter entered the public meeting room at Harvey's City Hall, sat in the front row of the public seating section and began to set-up his court reporting machine. (See DiGiovanni Affidavit, attached hereto as Ex. F).

46.     A few minutes later, defendant Acting City Planner Rufus entered said public meeting room, and walked-up to the court reporter who was still setting-up said machine. (See DiGiovanni Affidavit, Ex. F).

6

47.    Acting City Planner Rufus informed the court reporter, in the presence of Mr. Smith, and other witnesses that the court reporter was not allowed to use his steno machine to transcribe the events of the public open meeting, in violation of the Open Meetings Act of Illinois. and a Class C misdemeanor. 5 ILCS 120/4. (See DiGiovanni Affidavit, Ex. F),

48.    The court reporter continued to set-up his machine. (See DiGiovanni Affidavit, Ex. F).

49.    Upon information and belief, Rufus contacted Mayor Kellogg and the Harvey police.

50.    At this time. Defendant, Chairman Bradley was seated in front of the public meeting room at the Zoning Board's table. (See DiGiovanni Affidavit, Ex. F).

51.    Other members of the Board were seated at said table including Commissioner Daren Robinson. (See DiGiovanni Affidavit, Ex. F).

52.    The court reporter finished setting-up his machine and moved closer to the Board table. without obstructing or interfering with the proceedings, in order to hear the live testimony so that he could report on his machine. (See DiGiovanni Affidavit, Ex. F).

53.    Upon information and belief, at the instruction of Mayor Kellogg, Harvey police arrived in squad cars outside of City Hall to harass and arrest the court reporter.

54.    Mayor Kellogg did not want the zoning hearing to be recorded.

55.    Upon information and belief, Mayor Kellogg instructed Harvey officials at the hearing to order the court reporter to cease recording and transcribing the hearing. and to order the court reporter to vacate the premises, in violation of the Open Meetings Act of Illinois. 5 ILCS 120/4.

56.    Commissioner Francis Speh (non-voting, and Town Attorney) walked over to the court reporter and told him he could not be present, in violation of the Open Meetings Act of Illinois, and a Class C misdemeanor. 5 ILCS 120/4. (See DiGiovanni Affidavit, Ex. F).

57.    At approximately 7;30 P.M., Chairman Bradley, recognizing that a quorum was present, asked the clerk for a roll call. (See DiGiovanni Affidavit, Ex. F).

58.    The court reporter began reporting as he heard the live testimony, (See DiGiovanni Affidavit, Ex. F).

7

59.     Defendant Commissioner Daren Robinson, a male individual. late 20's or early 30's. approximately six feet two inches tall, weighing approximately 245 pounds, wearing what appeared to be a law enforcement gold metal badge attached to a cord around his neck. and after stating "present" in the roll call stood up and walked approximately 20 feet towards the court reporter, who is approximately five feet nine inches tall. and approximately 195 pounds. (See DiGiovanni Affidavit, Ex. F).

60.     Commissioner Robinson. stood over the sitting court reporter, and in a threatening manner warned the court reporter to stop reporting. and to immediately leave the premises. in violation of the Open Meetings Act of Illinois. and a Class C misdemeanor. 5 ILCS 120/4. (See DiGiovanni Affidavit, Ex. F).

61.     The court reporter, noticing that Commissioner Robinson was wearing a badge, momentarily stopped transcribing what was occurring, and stood-up and stated to Robinson that he was hired to report the proceedings. (See DiGiovanni Affidavit, Ex. F).

62.     In the midst of the court reporter's statement to Commissioner Robinson, Chairman Bradley told Commissioner Robinson to stop. and to return to his seat. (See DiGiovanni Affidavit, Ex. F).

63.     The court reporter resumed reporting the proceedings.

64.     The Chairman. on the record, testified that he asked the court reporter to leave, and that if the reporter did not leave, plaintiffs' case would not be heard. in violation of the Open Meetings Act of Illinois. and a Class C misdemeanor. 5 ILCS 120/4.

65.     The Chairman asked plaintiffs to approach for a sidebar, and asked plaintiffs to tell the court reporter to leave. in violation of the Open Meetings Act of Illinois, and a Class C misdemeanor. 5 ILCS 120/4.

66.     Counsel stated he would like the court reporter present.

67.     The Chairman insisted that the court reporter leave. in violation of the Open Meetings Act of Illinois. and a Class C misdemeanor. 5 ILCS 120/4.

68.     At the Chairman's order. counsel asked the court reporter to leave.

69.     The court reporter packed up his machine and departed from the premises. (See DiGiovanni Affidavit, Ex. F).

70.     The Chairman then advised plaintiffs, of the record, that the special use permit applications were not complete.

71.     Counsel advised the Chairman that Acting City Planner Rufus had stated on January 6, 2006, that the applications were complete. (See January 10, 2006 Letter to Rufus, Ex. E).

72.     The Chairman advised plaintiffs that if they proceeded with the case, the applications would be denied for incompleteness, notwithstanding Acting City Planner Rufus admitting to the Chairman that she had informed Plaintiffs that the applications were complete.

73.     Upon information and belief, Chairman Bradley used this tactic to have the case continued at Mayor Kellogg's direction.

74.     Defendant Mayor Kellogg needed a continuance so that he could mobilize citizen opposition to Solution's special use permit applications.

75.     The Chairman demanded that both applications be amended with the following information:

      A.     Plaintiffs were ordered to give a site plan of each building and property;

      B.     Explain how plaintiff fit into the existing municipal code provision governing shelter care homes;

      C.     Explain what plaintiffs would do about medical treatment for residents; and.

      D.     Explain security measures.

76.     Plaintiffs complied with the Chairman's demand by subsequently preparing a brochure for each home supplying the requested information prior to the next hearing date. (See Vine Home and Harvey Home Informational Brochures, attached hereto as Ex's G and H).

77.     The chairman continued the zoning hearing to February 8, 2006 at 7:00 P.M.

78.     On January 31, 2006. Plaintiff filed a complaint in Circuit Court of Cook County, Illinois seeking an injunction restraining defendants from prohibiting plaintiffs from employing a court reporter to report the February 8, 2006 zoning proceedings.

79.     On February 7, 2006, one day before the zoning hearing, Circuit Court of Cook County, Illinois Judge Agran entered an order restraining defendants from prohibiting plaintiff from employing a court reporter to report the zoning hearing. (See Judge Agran's February 7, 2006 Order, attached hereto as Ex, I).

80.     Prior to February 8, 2006, Mayor Kellogg and other Harvey officials began to mobilize citizen opposition to plaintiffs' special use permit applications. Harvey officials circulated a notice informing the public to show up at the February 8, 2006 zoning hearing to oppose plaintiffs. (See Notice of Opposition to special Use Permit Applications. attached hereto as Ex. J).

81.     On February 8. 2006. Solution appeared at the hearing. and as alleged above, members of the public had been and were in fact mobilized to appear in opposition.

82.     Mayor Kellogg. members of the Zoning Bd., several Harvey aldermen, and members of the public. vociferously objected to the proposed use at the Vine and Harvey Homes.

83.     The Mayor. several aldermen. the majority of the Zoning Board and members of the public opposing the proposed uses stated that a recovery home for persons recovering from alcoholism and drug addiction was incompatible with neighboring residential uses.

84.     Reasons stated at the hearing by those opposed to the recovery homes included fear of crime by the residents--recovering alcoholics and addicts--and the negative effect on property values.

85.     At the close of the hearing. the Zoning Board denied the Vine Home and Harvey Home special use permit applications.

86.     The Zoning Board's denial was done by an oral vote with each of the defendant board members voting to deny.

87.     According to the procedures of the City of Harvey. the Zoning Board was required to transmit to the Harvey city council a written report giving its findings and recommendations for action to be taken by the council on the applications.

88.     The Zoning Board has refused to provide plaintiffs with its written findings and recommendations.

89.     According to the procedures of the City of Harvey. if the Zoning Board denies a special use permit application. the applicant can appeal its case to the city council.

90.     On March 1. 2006. Deputy City Clerk Anderson informed plaintiffs that she would place Solution's applications on the city council's March 13, 2006 agenda. (See Counsel's March 1. 2006 letter to Deputy Clerk Anderson memorializing conversation, attached hereto as Ex. K).

91.     According to Harvey's procedures, Solution would be allowed to argue its case before the city council for 3 to 5 minutes and pass out a handout explaining Solution's applications before the council voted on the case.

92.     Prior to March 13, 2006, Deputy Clerk Anderson informed plaintiffs that Solution's case was continued to the March 27, 2006 city council meeting. (See Ex. K).

93.     Upon information and belief, the case was continued from March 13 to March 27, 2006 at the instruction of Mayor Kellogg so that Mayor Kellogg and other Harvey officials could again mobilize citizen opposition against the applications before the city council.

94.     Prior to the March 27, 2006 city council meeting, plaintiffs contacted Chicago's John Marshall Law School Fair Housing Legal Clinic for assistance in this case.

95.     The John Marshall Fair Housing Legal Clinic prepared 2 written memorandums in support of the Vine Home and Harvey Home applications for special use permits to operate recovery homes for Solution to circulate to the city council at the March 27, 2006 open meeting. (See attached John Marshall Fair Housing Legal Clinic Memorandums in support of the Vine Home and Harvey Home, attached hereto as Ex's. L and M).

96.     Plaintiffs appeared at the March 27, 2006 city council meeting to argue its case. Solution was 9th on the city council's agenda listed as Resolution # 2353. (See March 27, 2006. Harvey City Council Agenda, attached hereto as Ex. N).

97.     Notwithstanding Harvey's procedures that permitted plaintiffs 3 to 5 minutes to argue its case and pass out a handout before the city council voted, the city council voted to reject Resolution #2353 without giving plaintiffs an opportunity to be heard or an opportunity to circulate its handouts.

98.     Plaintiffs Smith and Calderone Jr. stood up to leave the hearing room after the vote, but decided to wait until the end of the meeting.

99.     The 11th item of the city council agenda was designated "public participation."

100.    Plaintiffs' counsel spoke during the public participation portion of the agenda, asked the city council to reconsider its vote, had Smith and Calderone Jr. pass out the John Marshall Law School Fair Housing Legal Clinic Memorandums in support of the Vine Home and Harvey Home applications to all of the council members.

101.    Plaintiffs' counsel, on the record, again reiterated Solution's request that the Harvey city council grant Solution a *Reasonable Accommodation*, as defined under the Federal Fair Housing Act Amendments, to allow Solution to operate recovery homes at the Vine Home and Harvey Home.

102.    Alderman Waters informed plaintiffs on the record that the city council was unprepared, having only just received the handouts passed out by plaintiffs and that Harvey's Legal department would need 10 days to respond to the memorandums requesting *Reasonable Accommodations*.

103.    Counsel asked Alderman Waters if the city council could reconsider its vote after the legal department considered the memorandums.

104.    Alderman Waters responded that another Resolution on the question could be brought by Solution.

105.    On or about April 1, 2006, counsel wrote to Harvey's city attorney, Bettie Lewis reminding the city attorney that Alderman Waters stated on the record that Harvey would respond to Solution within 10 days. (See attached April 1, 2006 letter to City Attorney Lewis, attached hereto as Ex. O).

106.    As of the filing date of this complaint, the City of Harvey has refused to respond to plaintiffs' request that the matter be reheard before the city council.

107.    Plaintiffs allege, therefore, that they have exhausted their administrative remedies.

108.    Defendants have consistently opposed Solution's use of the Vine Home and Harvey Home, including numerous threats to take legal action against plaintiffs.

109.    Defendants, as alleged above, have discriminated against plaintiffs due to their disabilities as recovering alcoholics and addicts.

110.    On or about April 6, 2006, Solution filed a Housing and Urban Development ("HUD") complaint against the city of Harvey alleging discrimination with respect to housing opportunities for recovering alcoholics and addicts stemming from the facts alleged above. (There is a Solution, Inc. v. City of Harvey, Illinois Planning and Zoning Board, 05-06-0961-8). Defendants were given notice of the complaint.

111.    Upon information and belief, in retaliation for filing the HUD complaint, on or about May 8, 2006 at 11:00 P.M., Harvey police officers, at Mayor Kellogg's instruction, appeared at the Vine Home and told the residents, John Does 1 through 8, that they were

being evicted in the morning, and that if they remained at the premises, they would be arrested.

112.    In retaliation for filing the HUD complaint, on May 9, 2006, at approximately 7 A.M., Harvey police appeared again at the Vine Home and threatened the residents with arrest if they did not vacate the premises, and in fact, evicted plaintiffs, John Does 1 through 8.

113.    Fearing arrest, plaintiffs, John Does 1 through 8, immediately vacated the premises.

114.    Defendants failed to give Plaintiffs, John Does 1 through 8, valid notice or a hearing or any other form of due process prior to the illegal and forcible eviction. The actions of defendants violated the Illinois forcible entry and detainer statute, 735 ILCS 5/9-101 et seq.

115.    Plaintiffs, John Does 1 through 8 are without adequate housing.

## IV. FIRST CLAIM FOR RELIEF:

### DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF THE FAIR HOUSING ACT-DENY USE OF A DWELLING
#### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

116.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 115 of the Complaint.

117.    The residents of the Vine Home and Harvey Home qualify as disabled persons protected by the anti-discrimination provisions of the federal Fair Housing Act, 42 U.S.C. δ 3601 et seq., as amended.

118.    The Vine Home and Harvey Home are residential facilities and are protected by the anti-discrimination provisions of the federal Fair Housing Act, 42 U.S.C. δ 3601 et seq., as amended.

119.    The actions of defendants to deny the special use permit applications was a municipal land use decision that made unavailable or denied a dwelling on the basis of the type of disability of those persons intended to reside in the dwellings.

## V.    SECOND CLAIM FOR RELIEF:

### DISCIMINATION ON THE BASIS OF DISABILITY
### IN VIOLATION OF THE FAIR HOUSING ACT-DISPARATE TREATMENT
### AND INTENTIONAL DISCRIMINATION

#### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

120.   Plaintiffs reallege and incorporate the allegations contained in paragraphs 1 through 119 of the Complaint.

121.   The actions of the defendants to deny the Vine Home and Harvey Home special use permit applications constitutes disparate treatment based on disability status and on the specific nature of the disability of the residents of the Vine Home and Harvey Home, and therefore constitutes intentional discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq., as amended.

## VI.    THIRD CLAIM FOR RELIEF:

### DISCIMINATION ON THE BASIS OF DISABILITY
### IN VIOLATION OF THE FAIR HOUSING ACT-REFUSAL TO MAKE
### REASONABLE ACCOMMODATION

#### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

122.   Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 121 of the Complaint.

123.   The actions of the defendants to deny the Vine Home and Harvey Home special use permit applications while also responding to unsubstantiated concerns of neighboring residents, are unreasonable, discriminatory and excessively burdensome upon plaintiffs, and based upon unsubstantiated community fears and stereotypes concerning the disabled.

124.   The refusal of defendants to approve the special use permit applications constituted refusal to make reasonable accommodations in rules, policies, practices or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3).

## VII.    FOURTH CLAIM FOR RELIEF:
## VIOLATION OF δ 3617 OF THE FAIR HOUSING ACT

### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

125.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 124 of the Complaint.

126.    It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803. 42 U.S.C. δ 3617.

127.    Defendants violated said section by evicting plaintiffs John Does 1 through 14 from the Vine Home and Harvey Home in retaliation for plaintiffs having exercised their rights under the Fair Housing Act by advocating for special use permits, and filing a HUD complaint.

## VIII.   FIFTH CLAIM FOR RELIEF:

## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

128.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 127 of the Complaint.

129.    Title II of the Americans with Disabilities Act ("ADA"). 42 U.S.C. δ 12101 et seq., prohibits discrimination by a public entity on the basis of disability. 42 U.S.C. δ 12132.

130.    The permit and appeals decisions of the Zoning Board. and city of Harvey regarding the special use permit applications of the Vine Home and Harvey Home are services. programs or activities of a public entity that are subject to the anti-discrimination provisions of the ADA.

131.    The defendants denial of both special use permit applications constitutes unlawful discrimination based on disability in violation of the ADA.

## IX.    SIXTH CLAIM FOR RELIEF:

## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT

### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

132.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 131 of the Complaint.

133.    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, prohibits disability-based discrimination by a public entity.

134.    The refusal of defendants to recommend the approval of the special use permit applications constituted unlawful discrimination based on disability, in violation of the Rehabilitation Act.

## X.    SEVENTH CLAIM FOR RELIEF:

## EQUAL PROTECTION VIOLATION

### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

135.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 134 of the Complaint.

136.    The actions of defendants to deny the special use permit applications, and in evicting the Vine and Harvey Home residents without valid notice or a hearing, deprived the plaintiffs of equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution, under color of law in violation of 42 U.S.C. § 1983.

## XI. EIGHTH CLAIM FOR RELIEF:

## DUE PROCESS VIOLATION

### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

137.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 136 of the Complaint.

138.    The actions of defendants to deny the special use permit applications, and in evicting the Vine and Harvey Home residents without valid notice or a hearing, deprived the plaintiffs of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution, under color of law in violation of 42 U.S.C. § 1983.

## XII. NINTH CLAIM FOR RELIEF:

## STATE DUE PROCESS VIOLATION

### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

139.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 138 of the Complaint.

140.    The actions of defendants to deny the special use permit applications, and in evicting the Vine and Harvey Home residents without valid notice or a hearing, deprived the plaintiffs of due process of law as guaranteed by Article 1. Section 2 of the Illinois Constitution.

## XIII. TENTH CLAIM FOR RELIEF:

## TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTION

### AGAINST THE CITY OF HARVEY, THE HARVEY ZONING BOARD, AND ALL OTHER DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

141.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 140 of the Complaint.

142.    Plaintiffs seek a temporary, preliminary and permanent injunction, enjoining defendants from violating the federal Fair Housing Act, and all other laws for which claims are brought.

143.    Plaintiffs seek a temporary, preliminary and permanent injunction, enjoining defendants from evicting John Does 1 through 8 at the Vine Home and John Does 9 through 14 at the Harvey Home.

144.    The preceding allegations establish some likelihood on the merits.

145.    Plaintiffs will be irreparably harmed by defendants continued violations of the Fair Housing Act and other laws as alleged above, including the Illinois Forcible Entry

and Detainer statute that prohibits entry unless allowed by law and in a peaceable manner, 735 ILCS 5/9-101, in that plaintiffs are currently without housing.

146.   Plaintiffs have no adequate remedy at law as they are without housing.

147.   If the court fails to enjoin defendants, it will cause more harm to plaintiffs then defendants because plaintiffs are without housing, and the requested relief is narrowly drawn. No bond should be required for granting the injunction due to the likelihood of success on the merits.

148.   Plaintiffs are entitled to the relief requested, and have a well-grounded fear of immediate invasion of their rights, have no plain and speedy remedy at law to redress their injury, and the damages they will suffer as a direct and proximate result of defendants' actions may be difficult to ascertain. The injunctive relief sought herein is to make defendants comply with the law of the United States, the State of Illinois, and City of Harvey, Illinois. (See attached Affidavit of Kevin A. Smith).

   **WHEREFORE**, plaintiffs pray for relief as follows:

1.   For a declaration that the actions of the City of Harvey and all other defendants described herein constitute a violation of the Fair Housing Act and all other laws for which claims are brought;

2.   For a permanent injunction enjoining defendant City of Harvey, its agents, employees, assigns, successors and all other persons in active concert or participation with them, from violating the Fair Housing Act and all other laws for which claims are brought;

3.   For a permanent injunction enjoining defendant City of Harvey, its agents, employees, assigns, successors and all other persons in active concert or participation with them, to permit a recovery home, for up to 8 persons recovering from alcohol or drug dependency, to operate at the Vine Home and Harvey Home described herein;

4.   For entry of judgment requiring such action by the City of Harvey as may be necessary to restore all aggrieved by the City's discriminatory housing practices to the position they would have occupied but for such discriminatory conduct;

5.   For entry of judgment awarding money damages to plaintiffs aggrieved by the City of Harvey's discriminatory housing practices, pursuant to 42 U.S.C. § 3614(d)(1)(B);

18

6. To assesses a civil penalty against the City of Harvey in order to vindicate the public interest, in an amount of money authorized by 42 U.S.C. § 3614(d)(1)(C);

7. For entry of judgment in favor of plaintiffs for all compensatory damages permitted by federal and Illinois state statutory and constitutional law, and for punitive damages pursuant to 42 U.S.C. § 3613(c);

8. For entry of judgment awarding plaintiffs their expenses of suit, including costs, reasonable attorneys and expert fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 3613 (c) and other applicable federal and state law;

9. For a temporary, preliminary and permanent injunction allowing plaintiffs John Does 1 through 8 to reside at the Vine Home immediately, until further order of court; and.

10. Plaintiffs further pray for such additional relief as the interests of justice may require.

DATED: May 10, 2006

> There Is A Solution, Inc.
> Kevin A. Smith, President
> James Calderone, Jr., Vice President
> John Does 1 through 14
>
> By _Francis L. Ostian_
> Francis L. Ostian, # 38124
> 414 N. Orleans, Ste. 312
> Chicago, IL 60610
> 312-670-9111

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

KEVIN A. SMITH